PERRY AND OTHERS, Appellants, v. CALVERT AND OTHERS, Respondents.

1. A. makes a fraudulent conveyance of land. A judgment is subsequently recovered against him, and the land is sold under an execution, and B. becomes the purchaser, who afterwards conveys back to A., who then conveys to C., who has notice of the facts. *Held*, that as A. could not have obtained equitable relief against his fraudulent deed, neither can his grantee with notice.

*Appeal from Platte Circuit Court.*

Petition by C. A. & E. H. Perry against Lewis Calvert, Simeon L. Stewart and Malinda Stewart, his wife, praying to have a deed set aside and cancelled.

The petition stated that on the 10th of November, 1843, Simeon L. Stewart entered at the land office in Plattsburgh a tract of land to which he had a preëmption right, and on the next day conveyed the same to the defendant, Calvert, in trust for his wife, Malinda Stewart, during her life, and at her death to go the heirs of her body begotten by him; that the patent for said land issued to said Simeon on the 1st of April, 1846, long after said conveyance; that said conveyance, having been executed and delivered before the patent issued, was null and void under an act of congress, and furthermore, that it was executed in fraud of the creditors of said Simeon, he being largely indebted at the time, and having no other property; that on the 7th of April, 1846, a judgment was recovered by James H. Stewart against said Simeon, upon which an execution issued, under which said land was sold, and James H. Stewart became the purchaser, and afterwards received from the sheriff a deed; that on the 8th of July, 1847, said James H. Stewart, for a consideration of $200, sold and conveyed all his right, title and interest in said land to said Simeon L. Stewart; and that on the 7th of May, 1853, said Simeon, for a consideration of $1600 previously paid, executed and delivered to plaintiffs a deed for said land, with a relinquishment of dower by his wife, Malinda.

Upon these facts, the plaintiffs prayed that the deed to Lewis Calvert might be set aside and cancelled.

The defendant, Calvert, filed a demurrer to this petition, which was sustained by the Circuit Court.

*Abell & Stringfellow,* for appellants. 1. The deed from Simeon Stewart to Calvert before the patent issued, is void (4 U. S. S. p. 496, ch. 9, p. 420, 678; 5 U. S. S. 251, 382, 453, 456.) 2. The demurrer admits that the deed is void as

to creditors, and of course it was a nullity against the title acquired by James H. Stewart under the execution sale. James H. Stewart, having acquired a good title, had a right to dispose of it to anybody — to Simeon, who had made the fraudulent deed, as well as to others ; and by that purchase, Simeon acquired a good title against his own previous deed. But whether good in the hands of Simeon or not, when it passed from him to the plaintiffs, they certainly acquired all the title of James H. Stewart. (2 Hawks, 535 ; Supp. to U. S. Dig. tit. "Estoppel.")

*H. M. Vories*, for respondent, that the plaintiffs could not set up the fraud of Simeon Stewart as a ground of relief ; cited 13 Mo. Rep. 151 ; 8 Conn. Rep. 312 ; 3 Pick. 56 ; 7 Greenleaf, 96 ; 3 A. K. Marsh. 65, 474 ; 3 Paige, 154, 6 Barb. S. C. Rep. 380 ; 2 Lead. Cases in Equity, part 11, p. 99, 131.

LEONARD, Judge, delivered the opinion of the court.

" All writers upon our law agree that no polluted hand shall touch the pure fountains of justice." This principle, to be found in every system of jurisprudence, would be sufficient to dispose of the case if Simeon Stewart were the party applying here for the relief instead of his grantee. He could not be allowed to ask a court to annul his own conveyance on the ground that he violated the preëmption laws of the United States in making it, or because his purpose was to defraud his creditors. No man can make his own iniquity a foundation for legal redress. Lord Mansfield states the matter thus, in Holman v. Johnson, (Cowp. 343): " The principle of public policy is, *ex dolo malo non oritur actio*—no court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff's own stating or otherwise, the cause of action appear to arise " *ex turpi causa*," or the transgression of a positive law of this country, then the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid

to such a plaintiff. And to the same effect is the maxim of the Roman law, " *nemo ex proprio dolo consequitur actionem.*"

It is supposed, however, that the present case would not fall within this principle, even if the suit were in the name of the original party, because the title now sought to be enforced did not originate in the illegal act, but is paramount to it, and that therefore it ought to prevail when subsequently acquired by the original party, *even in his hands*, against his own previous iniquity; and that however this might be, in reference to the original party, and although *he*, upon acquiring this title, might be personally bound by this moral estoppel from setting up his own immorality, yet that the title is purged of this taint when it passes again from him into the hands of a purchaser for value, although with notice of the fact. We do not concur in this view of the matter. Certainly, the party himself would be bound by the estoppel, so far at least that he would not be allowed to set up his own iniquity as a ground of relief. This is settled by precedent, and is clearly right on principle. (Schutt vs. Large, 6 Barb. S. C. Rep. 373.) And we do not think the case is altered by the mere fact that the plaintiff here is a grantee of the original party, standing in a court of justice and asking its active interference to set aside his own grantor's iniquitous conveyance, in order that he may have the benefit of the purchase he has made from him. If he were an innocent purchaser, *without notice*, his case would certainly be entitled to a different consideration; but that is not the case made in his petition, and which has been passed upon by the Circuit Court. It is true, he expressly avers that he is a purchaser for value, but does not pretend that he bought without notice of the matters set up as the grounds of relief; and as his grantor's prior deed was duly registered, there is no reason to suppose that such was the fact—if, indeed, the registry would not conclude him in that respect. These principles dispose of the case as it now stands, and result in affirming the judgment of the Circuit Court upon the demurrer.

They leave, however, untouched the question, whether, in a

suit at law, by the present plaintiff against the trustee, to recover the possession of the land, he would be allowed to set up these matters as an answer to the trustee's title. This is probably the question upon which the parties desired the opinion of the court; but it is not necessarily involved in the decision of the present case, and we decline expressing any opinion upon it. It is sufficient that the plaintiff, even upon his own showing, is not entitled to the relief he asks.

Judgment affirmed.